UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RODNEY LIONEL BRADY, # 262255,   )
                                  )
                    Plaintiff,    )   Case No. 1:10-cv-45
                                  )
v.                                )   Honorable Joseph G. Scoville
                                  )
JEREMY POWERS,                    )
                                  )   **MEMORANDUM OPINION**
                    Defendant.    )
_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of the conditions of his April 2008 confinement in the Ingham County Jail. Plaintiff alleges that Deputy Jeremy Powers was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights by denying him his medication for migraine headaches. (Second Amended Complaint, ¶ IV, docket # 13). Plaintiff seeks damages and injunctive relief. (*Id.* at ¶ V).

The parties have voluntarily consented under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure to have a United States Magistrate Judge conduct all further proceedings in this case, including entry of final judgment. The matter is now before the court on defendant's motion for summary judgment. (docket # 39). On August 23, 2010, plaintiff filed his response (docket # 46), and defendant's motion is ready for decision. For the reasons stated herein, plaintiff's request for injunctive relief will be dismissed as moot, defendant's motion for summary

judgment will be granted, and a separate judgment will be entered in defendant's favor on all plaintiff's claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.[1] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

**Facts**

The following facts are beyond genuine issue. In April 2008, the Michigan Department of Corrections housed plaintiff at the Ingham County Jail on a parole violation. (Davis Aff. ¶ 2, docket # 40-2). Plaintiff received a prescription for Midrin in response to his migraine headache complaints. (*Id.* at ¶ 3). The prescription allowed for 2 tablets at the onset of a headache, 1 additional tablet every hour thereafter if needed, but no more than 6 tablets in any 12 hour period. (*Id.* at ¶ 3). The only day defendant worked in the section of the jail where plaintiff was housed was April 20, 2010, and plaintiff did not request any medication during defendant's work shift on that date. (Davis Aff. ¶¶ 6-10; Powers Aff. ¶¶ 3-4, docket # 40-5).

Plaintiff is currently an inmate at the Richard A. Handlon Correctional Facility.

**Discussion**

1. Defendant's Motion is Timely

Plaintiff argues that defendant's motion for summary judgment "is untimely because defendant has already answered plaintiff's second amended complaint." (Plf. Brief, docket # 46). This argument is frivolous. Defendant's answer to plaintiff's second amended complaint does not preclude his motion for summary judgment. Rule 56(b) of the Federal Rules of Civil Procedure states, "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). The deadline for dispositive motions under the court's case management order is February 17, 2011. (docket # 33). Defendant filed his motion for summary judgment on August 16, 2010, months before the applicable deadline. (docket # 33).

2. Mootness

Plaintiff is currently in the custody of the Michigan Department of Corrections at the Handlon Correctional Facility. Defendant is employed at the Ingham County Jail. Plaintiff's request for injunctive relief against defendant is moot. *See Cardinal v. Metrish*, 564 F.3d 794, 789-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

3. Deliberate Indifference

Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment rights. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested

by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on either component of an Eighth Amendment claim against defendant.

The objective component of the Eighth Amendment standard requires that a plaintiff be suffering from a serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2005). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* A non-obvious need for medical care can satisfy the "serious" medical need requirement, but "the inmate must place verifying medical evidence in the record to

establish the detrimental effect of the delay in medical treatment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). The mere presence of a serious medical condition is insufficient to establish the objective component. The plaintiff must make an objective showing that the deprivation was sufficiently serious or that the result of the defendant's denial was sufficiently serious. *See Hudson*, 503 U.S. at 8-9; *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). No reasonable trier of fact could find on the present record that defendant caused an objectively serious deprivation.

The second prong under *Estelle* requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010). There is no evidence before the court on which a reasonable trier of fact could find that defendant knew of and disregarded an excessive risk to plaintiff's health and safety. The undisputed record shows that defendant worked in plaintiff's section of the jail on only one day (April 20, 2010)

and that plaintiff did not request any medication on that day during defendant's shift. When faced with this evidence, plaintiff had the burden of proceeding, by submitting affidavits or other admissible evidence showing that defendant was ineed responsible for responding to plaintiff's request for medical help during the period alleged. FED. R. CIV. P. 56(e)(2). Plaintiff has not done so. The court finds that defendant is entitled to judgment in his favor as a matter of law.

## Conclusion

For the reasons set forth herein, plaintiff's request for injunctive relief will be dismissed as moot, defendant's motion for summary judgment (docket # 39) will be granted, and a separate judgment will be entered in defendant's favor on all plaintiff's claims.

Dated: February 17, 2011        /s/ Joseph G. Scoville
                                United States Magistrate Judge